## HOLLENBECK ET AL. v. STEARNS.

1. **Mortgage**: PAYMENT THROUGH DEBTOR'S AGENT: DIVERSION OF FUNDS: PURCHASE BY AGENT. H. owed a mortgage debt which was due, and he applied to S., a loan agent, for a loan of the necessary funds to make payment. The loan was taken, and a new mortgage made to secure the same, and S., as directed by H., sent the money to C., who was supposed to be the agent of the first mortgagee. But C. had no authority from such mortgagee to receive the money, and he converted it to his own use. Afterwards S., in order to protect the mortgagee in the second mortgage, bought in the first mortgage. *Held* that his rights as a purchaser of the first mortgage were in no way impaired by reason of the above-named transactions with H. in his attempt to pay said mortgage.

*Appeal   from   Harrison   District   Court*—HON.   C.   H. LEWIS, Judge.

MONDAY, DECEMBER 19.

THIS is an action in equity, brought by the appellee, to

foreclose a mortgage against the appellants. The relief asked was granted.

*S. H. Cochran*, for appellants.

*D. H. Ettien*, for appellee.

SEEVERS, J.—This case is wrongly entitled. It should be *Stearns v. Hollenbeck et al.* It is provided by statute ·that causes in this court shall be entitled as in the court below, and such has been the uniform practice for years. In so disregarding the statute counsel have exhibited a singular want of knowledge, or shown great carelessness in the preparation of the case. We indulge the hope that it will not be repeated.

The undisputed facts are that one Severance executed a mortgage on real estate which he sold to Hollenbeck, and the latter agreed to pay such mortgage, which belonged to one Hyde. The money due on the mortgage was payable in Connecticut. A short time prior to the time the mortgage became due, Hollenbeck applied to Stearns to procure for him a loan on the same real estate, for the purpose of paying off the Hyde mortgage, and other purposes. Hollenbeck made and signed an application directed to the Lombard Investment Company for such loan, and the same was forwarded to such company by Stearns. The loan was made, to secure which Hollenbeck executed a mortgage to said company, upon whom Hollenbeck drew a draft in favor of Stearns for the proceeds of the loan, and such amount was received by Stearns, and a sufficient sum of money was forwarded by him to one Creighton, at Des Moines, to pay the Hyde mortgage, and it was so forwarded for the purpose. The evidence clearly shows that Creighton failed to so apply the money, and that he was not authorized by Hyde to receive it. Stearns afterwards purchased the mortgage of Hyde, and paid full value for it, and this action is brought to foreclose such mortgage.

The only disputed question is one of fact, and that is,

whether Hollenbeck directed Stearns to send the money to Creighton, or whether he did so upon his own motion, or whether the investment company so directed. We are satisfied that the money, when received by Stearns, was the property of Hollenbeck; but the understanding between him and Stearns was that it should be applied in payment of the Hyde mortgage. By direction of Hollenbeck, money had been sent to Creighton to pay interest due on the mortgage on several occasions prior to the transaction in question, and Creighton had with the money paid the interest to Hyde, and returned the coupons as evidence that the money had been properly applied. Hollenbeck had reason to suppose that, if the money in question was so sent, it would be properly applied, and we find he directed Stearns to send the money required to pay the mortgage to Creighton. This fact is established by a preponderance of the evidence. Stearns and his son so testify, and Hollenbeck, to an extent only, contradicts them. His evidence, as appears from an additional abstract, which is not denied, is not direct and certain that he did not give such directions. Besides this, the fact that prior payments on the mortgage had been so sent renders it fairly certain, and naturally so, that he directed the money in question to be sent to the same person. As the money was sent to the person he directed it to be, it is certain that the loss must be borne by him. This is clearly so as between him and Hyde, and Stearns bought the mortgage of Hyde, and paid him full value therefor; and therefore, under the circumstances, he is entitled to all the rights of Hyde. Stearns bought the mortgage to protect the mortgage of the investment company, for the reason that he had made the loan. This, we think, he could properly do, and it is immaterial whether, as between him and such company, he was liable for negligence or not. If he is, Hollenbeck cannot so assert, because his directions in relation to the money were obeyed by Stearns.

AFFIRMED.